**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOHN EWALT, et al.,**

    **Plaintiffs,**

    v.

**GATEHOUSE MEDIA OHIO
HOLDING II, INC., d/b/a THE
COLUMBUS DISPATCH,**

    **Defendant.**

**Case No. 2:19-cv-4262
Chief Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to File Amended Complaint and to Join Parties (Doc. 36). For the reasons that follow, the Motion is **GRANTED**.

## I. BACKGROUND

Plaintiffs are a putative class of subscribers to Defendant's newspaper, the Columbus Dispatch. Plaintiffs allege that Defendant's subscription practices breach the terms of their subscription agreements and are unfair and deceptive. (*See generally* Doc. 4). After uncovering new facts, Plaintiffs filed the instant Motion, seeking to join a new named plaintiff, add additional defendants who allegedly engage in similar misconduct, and add a new Consumer Sales Practice Act claim against Defendant. (Doc. 36 at 3). The Motion is now fully briefed and ripe for resolution.

## II. STANDARD OF REVIEW

Trial courts enjoy broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). Rule 15 encompasses a liberal policy in favor of granting amendments and "reinforce[s] the principle that cases 'should

be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Finan. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). In interpreting this Rule, "[i]t should be emphasized that the case law in this Circuit manifests liberality in allowing amendments to a complaint." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (citation and internal quotation marks omitted).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640–41 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III. DISCUSSION

Because this case is in its early stages and "the Amended Complaint relies on the same legal theories as the original Complaint," Plaintiffs assert that the Court should grant them leave to amend. (Doc. 36 at 3). Defendant opposes that request, arguing that the proposed amendments are futile. (*See generally* Doc. 39).

In considering Defendant's futility argument, "[a]t this stage of the litigation, this Court is charged with determining whether the futility of an amendment is so obvious that it should be disallowed." *Bear v. Delaware Cnty., Ohio*, No. 2:14-CV-43, 2015 WL 1954451, at *3 (S.D. Ohio Apr. 28, 2015). The proposed amendments are not, on their face, futile, and they meet this low bar as a result. Any further scrutiny would require the Undersigned to directly address the merits of the complaint. *See Bear*, 2015 WL 1954451, at *3. It is "the better exercise of discretion to permit the amendment" and allow Defendant to address the sufficiency of the pleadings in a dispositive motion before the District Judge. *Id.*; *see also Durthaler v. Accounts*

2

*Receivable Mngmt., Inc.,* 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Brown v. Worthington Steel, Inc.*, 211 F.R.D. 320, 323 (S.D. Ohio 2002) (noting that "[a] court will not ordinarily consider the merits of a proposed amended complaint in ruling on a motion for leave to amend unless it appears to be frivolous").

In light of the liberal policy in favor of granting amendments, and the lack of any argument that Defendant will suffer undue prejudice, the Court will grant the Motion.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Leave to File Amended Complaint and to Join Parties (Doc. 36) is **GRANTED**. The Clerk is directed to docket Doc. 36-1 as the First Amended Complaint.

IT IS SO ORDERED.


Date: April 17, 2020                    /s/Kimberly A. Jolson
                                        KIMBERLY A. JOLSON
                                        UNITED STATES MAGISTRATE JUDGE