# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JOHN EWALT, et al.,**

    **Plaintiffs,**

    v.

**GATEHOUSE MEDIA OHIO HOLDING II, INC., d/b/a THE COLUMBUS DISPATCH, et al.,**

    **Defendants.**

Case No. 2:19-cv-4262
Chief Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Defendant GateHouse Media Ohio Holdings II, Inc.'s Motion for Reconsideration and Clarification or Objection to Magistrate Judge's Order (Doc. 78). For the reasons that follow the Motion is **GRANTED in part and DENIED in part**.

### I. BACKGROUND

This is the latest in a long line of discovery disputes between the parties. On July 1, 2020, the parties submitted a Joint Status Report in which they summarized their respective positions concerning numerous discovery issues that they were unable to resolve through the meet and conferral process. (*See generally* Doc. 67). One of those disputes concerned "[w]hether GateHouse is required to provide certain information relating to potential class members prior to a class being certified." (*Id.* at 1).

Shortly thereafter, the Court held a telephonic status conference with the parties regarding their numerous outstanding discovery disputes. (*See generally* Doc. 68). The Court then memorialized its instructions to the parties in an Order, which addressed, among other things,

whether Defendant GateHouse Media Ohio Holdings II, Inc. ("Gatehouse") is required to provide certain information relating to potential class members prior to a class being certified:

> To the extent Defendants have redacted the names and contact information of potential class members, they were not permitted to do so. They are **ORDERED** not to redact that information in future productions. As part of the meet and conferral process, the parties are **ORDERED** to work together to address this issue with respect to prior productions.

(*Id.* at 2).

Defendant GateHouse subsequently filed the instant Motion. (Doc. 78). That Motion is fully briefed and ripe for ruling.

## II. DISCUSSION

Defendant Gatehouse requests that the Court reconsider its July 6, 2020 Order and permit it "to redact names and contact information from all documents, including subscriber complaints regarding premium editions and paper-statement fees." (Doc. 78 at 3).

"As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority." *Meekison v. Ohio Dep't of Rehab. & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986)).

*Redaction of customer names and contact information*: Here, Defendant Gatehouse appears to argue that the Court committed a manifest error of law. In support of its argument that it should be permitted to redact customers' names and contact information, Defendant Gatehouse argues: that information is irrelevant at the pre-certification stage; producing that information is an invasion of their customers' privacy; and courts generally deny discovery of class lists. (Doc.

78 at 3–9; Doc. 86 at 5–7). Plaintiffs contest each of these arguments, emphasizing that names and contact information for its customers are, in fact, relevant and, therefore, discoverable. (Doc. 84 at 4–9).

The issue before the Court is a narrow one: Was its holding that Defendant Gatehouse is not permitted to redact the names and contact information of potential class members a manifest error of law? The Court has already ruled on a similar issue. (*See* Doc. 30 at 3–4 (addressing "whether or not the parties can redact irrelevant information from otherwise relevant documents")). There, Defendant Gatehouse argued such redactions were appropriate because "Plaintiffs are seeking discovery regarding absent class members" and suggested that such redactions would protect "personally identifying information and other information of a personal nature." (Doc. 27 at 5). The Court responded:

> [T]hat argument ignores the real issue: whether or not the parties can redact irrelevant information from otherwise relevant documents. In the Court's view, the Federal Rules of Civil Procedure provide no support for the redaction of irrelevant information. "Redaction is an inappropriate tool for excluding alleged irrelevant information from documents that are otherwise responsive to a discovery request." *Bartholomew v. Avalon Capital Grp., Inc.*, 278 F.R.D. 441, 451 (D. Minn. 2011). "It is a rare document that contains only relevant information. And irrelevant information within a document that contains relevant information may be highly useful to providing context for the relevant information." *Id.* The Court declines to adopt Defendant's proposal accordingly. *Cf. Tween Brands Inv., LLC v. Bluestar All., LLC*, No. 2:15-CV-2663, 2015 WL 6955177, at *1 (S.D. Ohio Nov. 10, 2015) (compelling production of unredacted documents where defendant had initially redacted portions of documents that it characterized as "highly confidential" and "not relevant").

(Doc. 30 at 4).

In other words, Defendant Gatehouse previously sought to redact its customers' "personally identifying information and other information of a personal nature" from otherwise relevant documents. (Doc. 27 at 5). The Court held that it was not permitted to do so, (*see* Doc.

3

30 at 4), and Defendant Gatehouse did not ask the Undersigned to reconsider that Order or object to it.

Defendant Gatehouse now asks that it be permitted to redact its customers' names and contact information (i.e., personally identifying information) from all documents it produces. The Court's answer remains the same. Even assuming that information is irrelevant at this stage of the case, Defendant Gatehouse is not permitted to redact it from an otherwise relevant document, (*see* Doc. 30 at 4). To the extent that Defendant Gatehouse requests that the Court permit it to redact customer names and contact information from all of its documents, its Motion is **DENIED**.

*Contacting current class members*: Relying on the Manual for Complex Litigation, Defendant Gatehouse requests that the Court "preclude Plaintiffs from contacting absent class members until after the Court rules on the motions to dismiss." (Doc. 78 at 9).

As a general rule, the Court is disinclined to limit a party's communications with potential class members. Absent "a specific record showing by the moving party of the particular abuses by which it is threatened," an order doing so is not justified. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101–02 (1981) (citation and quotations omitted). Because Defendant Gatehouse made no such showing here—and because this case has been pending for almost a year with the parties making little progress in discovery—the Court will **GRANT** only a temporary stay as to this portion of its Order. For 30 days, this portion of the Court's Order is **STAYED** to allow Defendant Gatehouse to proceed with any objection to the District Judge, or, better yet, for the parties to come to an agreement regarding contacting potential class members. Accordingly, both parties are **ORDERED** to refrain from contacting potential class members for 30 days at which time the temporary stay automatically expires.

*Obligation to conduct discovery in good faith*:  One final point is worth making.  "The Court has repeatedly reminded the parties of their obligation to work together in good faith to conduct discovery in an expeditious and cost-effective manner.  It does so again now." (Doc. 68 at 1).  That message appears to have fallen on deaf ears.  This case has required repeated Court intervention, which is concerning given the lack of progress that has been made in discovery.  When resolving future discovery disputes, the Court will consider awarding expenses to the prevailing party consistent with Federal Rule of Civil Procedure 37.

### III. CONCLUSION

For the foregoing reasons, Defendant Gatehouse's Motion for Reconsideration and Clarification or Objection to Magistrate Judge's Order (Doc. 78) is **GRANTED in part and DENIED in part**.  The Court **STAYS** the portion of its Order permitting Plaintiff to contact potential class members for 30 days to permit Defendant Gatehouse to pursue any objection with the District Judge and for the parties to meet and confer.  During that time period, neither party shall contact any potential class members.  Absent further order of the District Judge, the stay automatically expires after 30 days.

IT IS SO ORDERED.


Date: August 18, 2020                         /s/Kimberly A. Jolson
                                              KIMBERLY A. JOLSON
                                              UNITED STATES MAGISTRATE JUDGE