**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOHN EWALT, et al.,**

    **Plaintiffs,**

    v.

**GATEHOUSE MEDIA OHIO
HOLDING II, INC., d/b/a THE
COLUMBUS DISPATCH, et al.,**

    **Defendants.**

**Case No. 2:19-cv-4262
Chief Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Seal (Doc. 82). The Court previously denied the Motion with respect to the request to seal the information contained in Plaintiffs' Memorandum in Opposition to Defendants GateHouse Media, LLC's and Gannett Co., Inc.'s Motion to Dismiss. (*See* Doc. 97). The Court now addresses whether portions of Exhibit C attached to that Opposition can be redacted. For the following reasons, the Motion is **GRANTED in part and DENIED in part** with respect to redacting Exhibit C.

### I. BACKGROUND

This case concerns Defendants' alleged deceptive trade practices that damaged subscribers to the Columbus Dispatch. According to Plaintiffs, "the GateHouse Defendants advertise and offer term subscriptions to The Dispatch … for specific prices, and their customers enter into these agreements … reasonably expecting that the GateHouse Defendants will provide The Dispatch for the number of weeks stated in those Subscription Agreements." (Doc. 42, ¶ 5). Instead, Plaintiffs allege, "the GateHouse Defendants reduce their customers' term subscriptions by sending their

customers unsolicited 'premium editions' and decreasing the length of those subscriptions based on the value the GateHouse Defendants arbitrarily assign to these premium editions." (*Id.*, ¶ 7).

After Defendants Gannett Co., Inc. and GateHouse Media, LLC filed a Motion to Dismiss, (Doc. 66), Plaintiffs filed the instant Motion pursuant to the parties' Protective Order, (*see* Doc. 37, ¶ 8 (requiring that the parties file a motion to seal when using the opposing party's Confidential information in the body of any filing and giving the opposing party 14 days to file a response supporting the motion to seal)). In their Motion, Plaintiffs requested that they be permitted to file an unredacted version of their Memorandum in Opposition (the "Opposition") to that Motion to Dismiss and its accompanying exhibits. (*See* Doc. 82 at 3 (asserting that "they should be entitled to file unredacted versions of the Memorandum in Opposition and Exhibit C as part of the public record")). Defendants filed a response, arguing that Plaintiffs should be permitted to file only a redacted version of the same on the public docket. (*See generally* Doc. 91).

The Court subsequently issued an Opinion and Order denying the Motion in part and granting Defendants the opportunity to submit a supplemental memorandum in support of their request to seal Exhibit C. (*See generally* Doc. 97). Defendants submitted a supplemental memorandum (Doc. 99), and the Motion is fully briefed and ripe for resolution.

## II. DISCUSSION

The parties' dispute concerns Exhibit C, a series of Defendants' internal emails submitted in support of Plaintiffs' Opposition. Defendants contend that portions of Exhibit C should be redacted. (*See generally id.*).

Courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative,

is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also Shane Grp.*, 825 F.3d at 305 ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (citation and quotations omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury … And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). Similarly, the court "that chooses to seal court records must set forth specific findings and conclusions which justify nondisclosure." *Id.* at 306 (quotation omitted).

Exhibit C is a compilation of Defendants' emails that discuss Defendants' subscription practices and their effect on Defendants' business. They contain a variety of information ranging

from quarterly revenue targets to customer complaints and Dispatch employees' responses to the same.

According to Defendants, portions of Exhibit C contain "proprietary business information, including nonpublic pricing strategy, revenue/sales data, financial calculations and forecasts, customer preferences, and confidential customer service scripts" and should be redacted accordingly. (Doc. 99 at 2). In support of their proposed redactions to Exhibit C, (Doc. 99-2), Defendants have submitted an affidavit from Bryan Groves, the Vice President of Consumer Marketing at Gatehouse Media Management Services, (Doc. 99-1). Mr. Groves explains the steps Defendants take to keep this information confidential and the harm that it would cause their business if this information is disclosed. (*See generally id.*).

Having reviewed Defendants' proposed redactions, the Court finds that some, but not all, are appropriate under the Sixth Circuit's demanding standard for sealing information contained in the record. A few examples are illustrative here. In an October 24, 2018 email between Marty Reese, the Dispatch's Controller, and Robin Robinson, Vice President of Finance GHS Media Newspaper Division, the two discuss the target for an increase in quarterly incremental revenue, Defendants' specific strategies for their 2019 marketing plan, and the Dispatch's forecast for circulation revenue and circulation volume. (*See* GAT02_00025762–66). Mr. Groves' affidavit makes clear that Defendants: treat this information as confidential; limit knowledge of this information to a select group of their employees; and its public exposure would allow their competitors to undercut them in a competitive marketplace. (*See generally* Doc. 99-1). Under these circumstances, Defendants have offered a compelling reason for limited, narrowly tailored redactions of this information. *See Total Quality Logistics, LLC v. Riffe*, No. 1:19-CV-23, 2020 WL 5849408, at *2 (S.D. Ohio Sept. 30, 2020) (citations and quotations omitted) ("This Court has

4

repeatedly recognized that protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings. . . . Here, filing under seal is justified because the documents at issue contain confidential business information that, if disclosed on the public docket, would give a significant advantage to competitors of the parties in this action."); *United States ex rel. Scott v. Humana, Inc.*, No. 3:18-CV-61-GNS-CHL, 2019 WL 5964564, at *6 (W.D. Ky. Nov. 13, 2019) (approving the redaction of an email containing sensitive budgetary information such as gain/loss margins, profit targets, and strategic insights into budget development); *Proctor & Gamble Co. v. Ranir*, LLC, No. 1:17-CV-185, 2017 WL 3537195, at *3–4 (S.D. Ohio Aug. 17, 2017) (finding that market share data, sales trends and analysis, customer preferences, confidential agreements, pricing strategy, and marketing strategy should be redacted as public disclosure would allow competitors to have an "inside look" into the plaintiff's business strategies).

Moreover, the compelling reason for redacting this information is not outweighed by the public interest in access to this information. *Cf. Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305) (holding that even "[w]here a party can show a compelling reason for sealing, the party must [still] show why those reasons outweigh the public interest in access to those records and that the seal is narrowly tailored to serve that reason."). In its prior Opinion and Order, the Court rejected Defendants' proposed redactions for Plaintiffs' Memorandum in Opposition because (1) Defendants did not present evidence supporting the proposed redactions and (2) the information in question concerned the heart of this lawsuit: the Dispatch's subscription policies and their effect on subscribers. (*See generally* Doc. 97). While the public has a clear interest in accessing that information, it has a lesser interest in accessing Defendants' confidential financial data—such as revenue and volume forecasts—and

5

corporate strategy.  Further, "the public will not need to view [Defendants'] highly confidential business and financial information to understand the events giving rise to this dispute, or the arguments made in" Plaintiffs' Opposition.  *Total Quality Logistics, LLC*, 2020 WL 5849408, at *3 (citing *Shane Grp.*, 825 F.3d at 305).  The same reasoning applies to GAT02_00009220 (discussing confidential customer service strategy), GAT02_00022429 (providing specific data regarding subscribers' methods of payment), GAT02_00022636 (providing specific data regarding customer retention and invoice charges), and GAT02_0000543–44 (confidential customer service script).  The Court will permit Defendants to redact this information as a result.

Many of Defendants' proposed redactions, however, cannot overcome the Sixth Circuit's high bar.  For example, in another of Ms. Robinson's emails, she discusses potential pricing options for premium editions and potential concerns regarding having premium editions multiple weeks in a row.  (*See* GAT02_00025762).  The pricing of premium editions and the frequency with which they were issued is central to this case and was presumably available to subscribers of the Dispatch.  Defendants have not "analyze[d] in detail, … the propriety of secrecy, providing reasons and legal citations" in support of its request to redact that information.  *Shane Grp.*, 825 F.3d at 305–06 (quotation omitted).  Nor have they shown that "disclosure will work a clearly defined and serious injury."  *Id.* at 307–08 (internal citations and quotations omitted).

Even if Defendants were able to demonstrate that this information is confidential and establish a compelling reason for redacting it, the public's interest is stronger.  "[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.  *Shane Grp., Inc.*, 825 F.3d at 305 (citation omitted).  Indeed, in class actions, like this case, "the standards for denying public access to the record should be applied ... with particular strictness."  *Id*. (citation, internal quotations, and alterations omitted).  In contrast

6

with Ms. Robinson's earlier email discussing, among other things, Defendants' specific goal for an increase in quarterly incremental revenue, this email contains information regarding Defendants' subscription policies, which any member of the public trying to understand this case would have a legitimate interest in knowing.  As a result, Defendants have not overcome the "'strong presumption in favor of openness' as to court records." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179).  The same reasoning applies to part of GAT02_00025764 (discussing an increase in the number of premiums editions and an increase in premium rates), GAT02_00021968 (discussing consistent premium rate increase and the value of a lost subscriber), GAT02_00021955 (discussing the value of a lost subscriber), and part of GAT02_00022636 (describing invoice charges and generic description of the Dispatch compared to other markets).  The Court will not permit Defendants to redact this information.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion (Doc. 82) is **GRANTED in part and DENIED in part**.  The Court will email both parties a copy of Exhibit C redacted consistent with this Opinion and Order.  Within 14 days of receiving that email, Plaintiffs are **ORDERED** to file the redacted copy of Exhibit C on the public docket.

IT IS SO ORDERED.


Date: October 16, 2020			/s/Kimberly A. Jolson
					KIMBERLY A. JOLSON
					UNITED STATES MAGISTRATE JUDGE