IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN EWALT, et al.,

    Plaintiffs,

  v.

GATEHOUSE MEDIA OHIO
HOLDING II, INC., d/b/a THE
COLUMBUS DISPATCH, et al.,

    Defendants.

Case No. 2:19-cv-4262
Chief Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

## OPINION & ORDER

This matter is before the Court on two motions to seal. The first is Defendant GateHouse Media Ohio Holdings II, Inc.'s Motion for Leave to File Under Seal. (Doc. 110). Specifically, Defendant moves to "file under seal an unredacted copy of it Motion to Deny Class Certification and certain exhibits thereto." (Doc. 110 at 1). Defendant argues the seal is necessary to protect private personal information, trade secrets, and proprietary business information. (Doc. 110 at 3). Plaintiffs disagree about two of the documents at issue. (Doc. 115 at 1).

The second is Plaintiffs' Motion to File Under Seal the Unredacted Version of Memorandum in Opposition (Doc. 113). Specifically, Plaintiffs move to "file an unredacted version of the Memorandum in Opposition to Defendant's Motion to Stay Discovery and Exhibits A-E under seal[]" in accordance with the protective order (Doc. 37). (Doc. 113 at 3). Defendant supports and further bolsters Plaintiffs' motion. (Doc. 124). The Plaintiff in the reply asks the Court to allow them to file an unredacted copy of their Memorandum in Opposition. (Doc. 126).

For the following reasons the Motions are **GRANTED IN PART AND DENIED IN PART**.

### I.     Standard

Courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also Shane Grp.*, 825 F.3d at 305 ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (citation and quotations omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury … And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations

omitted). If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305). The Court "has an obligation to keep its records open for public inspection [and] that obligation is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-CV-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Grp.*, 825 F.3d at 307.). The court "that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

## II. Discussion

### A. Defendant's Motion for Leave to File Under Seal (Doc. 110)

Defendant moves to "file under seal an unredacted copy of it Motion to Deny Class Certification and certain exhibits thereto." (Doc. 110 at 1). Defendant argues the seal is necessary to protect private personal information, trade secrets, and proprietary business information. (Doc. 110 at 3). Plaintiffs oppose two exhibits Defendant seeks to seal. (Doc. 115 at 1). The Court reviews all documents sought to be sealed and/or redacted, not just those opposed by the Plaintiff.

#### 1. Private Personal Information

The first category of exhibits Defendant moves to seal and/or redact are those that contain private personal information of Plaintiffs or of third parties. (Doc. 110 at 3–5). This private information includes email addresses, account numbers, credit card details, home addresses, phone numbers, and names of third parties. "[T]rial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983). Third party privacy is taken seriously. *Shane Grp.*, 825 F.3d at 308 (6th Cir. 2016). The Court finds that Plaintiffs' and third parties' right to

privacy in the information outweighs the public's interest in access to the information. The proposed redactions are narrowly tailored to serve the interest of privacy. Accordingly, the Court **GRANTS** redaction of private information, as detailed in Doc. 110, from the following exhibits:

- Groves Declaration, Exhibit 5
- Curry Declaration, Exhibit 1 (GAT02_00000009–00000011)
- Groves Declaration, Exhibits 6–16 (GAT02_00003213–00003225, GAT02–00000005–00000017,)
- Ewalt Deposition, Exhibit 74
- Groves Declaration, Exhibit 17
- Groves Declaration, Exhibit 18, Wylie Deposition, Exhibit 9 (GAT02–00004304)
- Groves Declaration, Exhibit 19
- Groves Declaration, Exhibit 20
- Groves Declaration, Exhibits 21–23 (GAT02_00024512–00024517)
- Navarre Deposition, Exhibit 43
- Hunshikatti Declaration, Exhibit 6 (GAT02_00020594–00020596)
- Hunshikatti Declaration, Exhibit 11
- Hunshikatti Declaration, Exhibit 12 (GAT02–00012397–00012405)
- Ewalt Deposition, Exhibit 24

Defendant also seeks to entirely seal call logs, in part, due to private personal information of third parties. (Doc. 110 at 5). After review, the Court concludes that the call logs cannot be sealed, as discussed below. But the Court **GRANTS** redaction of the account numbers from the following call log exhibits:

- Racki Declaration, Exhibits 2–4 (column B)
- Hunshikatti Declaration, Exhibits 7–10 (column A)

### 2. Trade Secrets and Proprietary Business Information

The second category of exhibits Defendant moves to seal and/or redact are those that it claims contain "trade secrets and proprietary business information." (Doc. 110 at 3). These exhibits include call logs, customer service and telemarking scripts, and exhibits reflecting confidential pricing, revenue, and customer service strategy. (*see generally* Doc. 110). After review, the Court finds that some, but not all, are appropriate under the Sixth Circuit's demanding standard for sealing information contained in the record.

Defendant moves to seal customer service and telemarketing scripts. (Doc. 110 at 6). Defendant states that "[t]hese scripts are non-public documents that are shared only with [Defendant's] trusted customer service/telemarketing vendors." (Doc. 110 at 6). Defendant argues that its "competitors would normally be required to expend resources to create their own such scripts[] . . . [and that] competitors would be able to copy this work product for the benefit of their own operations without having to incur the cost associated with developing the scripts . . . ." (Doc. 110 at 13). This court has previously allowed Defendant to seal a confidential customer service script. *Ewalt v. GateHouse Media Ohio Holding II, Inc.*, No. 2:19-CV-4262, 2020 WL 6110569, at *3 (S.D. Ohio Oct. 16, 2020). Defendant has offered a compelling reason for limited, narrowly tailored redactions of this information. Furthermore, the public has a lesser interest in accessing Defendant's customer service scripts. The public will not need to view these scripts to understand the events giving rise to this dispute, or the arguments in the case. *Id.* "[F]iling under seal is justified because the documents at issue contain confidential business information that, if disclosed on the public docket, would give a significant advantage to competitors of the parties in this action." *Total Quality Logistics, LLC v. Riffe*, No. 1:19-CV-23, 2020 WL 5849408, at *2 (S.D. Ohio Sept. 30, 2020). Accordingly, the Court **GRANTS** Defendant's sealing of the following exhibits identified as confidential customer service and telemarketing scripts:

- Jubera Declaration, Exhibits 8–14 (GAT02_00013856–00013859, GAT02_00128500–00128503, GAT02_00013390–00013397, GAT02_00122652–00122654, GAT02_00006590–00006592)
- Groves Declaration, Exhibits 2–4 (GAT02_00014937–00014947)

Defendant moves to seal consumer survey results and market research. (Doc. 110 at 6). Defendant states that it "spent significant time and resources to conduct, obtain, and analyze the results of the subscriber surveys and market research at issue." (Doc. 110 at 15). Defendant argues it would be at a competitive disadvantage should this information be made public. "[I]n some

situations, a company's own market research might constitute a trade secret." *Ranir, LLC v. Dentek Oral Care, Inc.*, No. 1:16-CV-745, 2016 WL 8738356, at *1 (W.D. Mich. Sept. 7, 2016) (citing *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013)). This is so because market research might contain information that a company's competitors could not obtain elsewhere. *Apple Inc.*, 727 F.3d at 1228, *see also Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-CV-185, 2017 WL 3537195, at *3 (S.D. Ohio Aug. 17, 2017) (finding that market share data, sales trends and analysis, customer preferences, confidential agreements, pricing strategy, and marketing strategy should be redacted as public disclosure would allow competitors to have an inside look into the plaintiff's business strategies). Defendant has offered a compelling reason for limited, narrowly tailored redactions of this information. Additionally, the compelling reason for redacting the information is not outweighed by the public interest in access to the information. The public has a lesser interest in accessing confidential customer survey results and market research and will not need to view it in order to understand the dispute. *Ewalt*, 2020 WL 6110569, at *3. Thus, the Court **GRANTS** Defendant's sealing of the following exhibits identified as customer survey results and market research:

- Jubera Declaration, Exhibits 20–23 (GAT02_00034183–00034249, GAT02_00072494–00072516, GAT02_00044715–00044725, GAT02_00022402–00022403)

Defendant moves to seal call logs and other documents reflecting "confidential, competitively sensitive information." (Doc. 16–18). Defendant's offered reason for these documents to be sealed is that they contain "confidential customer service strategies, bargaining positions with subscribers, and customer preferences" (Doc. 110 at 16–17) and "confidential, competitively sensitive information" (Doc. 110 at 18). After review of these documents, the Court disagrees and finds that the proposed seals or redactions do not overcome the Sixth Circuit's high

6

bar for sealing.  For example, Curry Declaration Exhibit 2 shows a chart regarding premium editions from November 2015 through November 2020.  The chart tracks premium edition refunds and "subs" refunded, among other data.  Dissatisfaction with premium editions, in addition to pricing and frequency, is central to this case.  Even if Defendant was able to demonstrate that this information is confidential and establish a compelling reason for redacting it, the public's interest is stronger.  "[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp., Inc.*, 825 F.3d at 305 (citation omitted).  In class actions, like this case, "the standards for denying public access to the record should be applied ... with particular strictness." *Id.* (citation, internal quotations, and alterations omitted).  In contrast with the scripts and market research, this chart contains information regarding Defendant's premium subscription refunds, which any member of the public trying to understand this case would have a legitimate interest in knowing.  As a result, Defendant has not overcome the "'strong presumption in favor of openness' as to court records.'" *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179).  Thus, the Court **DENIES** sealing and/or redacting of the following exhibits identified as call logs and confidential pricing, revenue, and customer service strategy:

- Racki Declaration, Exhibits 2–4
- Hunshikatti Declaration, Exhibits 7–10
- Curry Declaration, Exhibit 2
- Zbiegien Declaration, Exhibit 3
- Groves Declaration, Paragraphs 4,5, and 7
- Curry Declaration, Paragraph 3

As for the redaction of portions of Defendant's Motion to Deny Class Certification, Defendant is **ORDERED** to redact only those portions that correspond to an exhibit the court has granted to seal and file it within seven (7) days of the date of this Opinion and Order.

7

B. **Plaintiff's Motion to File Under Seal the Unredacted Version of Memorandum in Opposition (Doc. 113)**

Plaintiffs move to file under seal the unredacted version of their Memorandum in Opposition to Defendant's Motion to Stay Discovery and Exhibits A–E. (Doc. 113 at 1). "Plaintiffs believe that [Defendant] has over-designated documents as Confidential" but move to file under seal in accordance with the Protective Order (Doc. 37). (Doc. 113 at 3). Defendant supports and further bolsters Plaintiffs motion. (S*ee generally* Doc. 124). Plaintiffs in the reply ask the Court to allow them to file an unredacted copy of their Memorandum in Opposition but do not contest the sealing of exhibits. (Doc. 126). The Court reviews all documents sought to be sealed and/or redacted, not just those contested.

Similar to the exhibits previously discussed, the argument for sealing and/or redacting can be grouped into two categories: private personal information and proprietary business information. The Court finds that the proposed redactions regarding personal information are narrowly tailored and backed by the compelling reason to protect privacy. Furthermore, the right to privacy for the third parties outweighs the public's interest in access to the information. Accordingly, the Court **GRANTS** the redaction of private information, as detailed in Doc. 124, from the following exhibits:

- Exhibit A (GAT02_00020626)
- Exhibit D (GAT02_00022831–00022835)

The Court finds the proposed redactions regarding proprietary business information more of a mixed bag. These exhibits are emails Defendant argues reflect "strategic business decisions relating to pricing, marketing, and customer service and preferences; or [] business conditions, revenues, and sales trends." (Doc. 124 at 3). The Court has reviewed these documents and finds that most do not meet the Sixth Circuit's high burden. For example, Exhibit B is an internal email discussing the additional charge associated with the premium edition and the location in the paper

8

of the disclosure for the additional charge. Defendants argue this email contains "discussions about the strategy for responding to subscriber inquiries related to premium editions." The Court does not find this argument to be persuasive. The pricing of premium editions is central to this case and was presumably available to subscribers of the Dispatch. There is not a compelling confidentiality or competitive reason to seal this exhibit. Even if there was a compelling reason, the public interest outweighs it. This email contains language regarding pricing for premium editions and language regarding the premium edition disclosure that members of the public trying to understand this case would have an interest in knowing. Thus, the Court **DENIES** the sealing and/or redaction of Exhibit B and the following exhibits in which similar reasoning applies:

- Exhibit B (GAT02_00034403–00034404)
- Exhibit C (GAT02_00079112)
- Exhibit D (GAT02_00022831–00022835)

The Court reviewed Exhibit E (GAT02_00036165–00036170) and finds that some, but not all of Exhibit E may be sealed. Exhibit E is a series of questions between employees via email. The Court finds that there is a compelling reason to redact the portions of the email that discuss Defendant's system capabilities and social media strategy due to the competitive disadvantage that would be suffered by Defendant if its competitors accessed this information. This compelling reason outweighs the public interest in access because the information is not directly relevant to the dispute. Specifically, the court **GRANTS** the redaction of questions and answers 1, 2, 4, 6, and 8 in their entirety, and the answers provided by Saurer in 3, 5, and 7 in Exhibit E. (GAT02_00036165–00036167). Additionally, the Court **GRANTS** the redaction of the email in Exhibit E that was sent on January 16, 2019 by Saurer at 9:59 AM that details a customer care update. (GAT02_00036168). Yet, the questions posed by Hodges in questions 3, 5, and 7 (the text of the questions also appear alongside Saurer's respective answers) do not reveal confidential

9

system capabilities or social media strategy.  Thus, there is no compelling reason found by the Court for sealing these questions.  Additionally, the question in 5 is helpful to the public in understanding the nature of the dispute.  Thus, the Court **DENIES** the redaction of questions 3, 5, and 7 from Exhibit E (GAT02_00036165–00036167).

As for the redaction of portions of Plaintiffs' Memorandum in Opposition to Defendant's Motion to Stay Discovery (Doc. 114), Plaintiffs are **ORDERED** to redact only those portions that correspond to an exhibit the court has granted to seal and file it within seven (7) days of the date of this Opinion and Order.

### III. Conclusion

For the above reasons, Defendant's Motion for Leave to File Under Seal (Doc. 110) and Plaintiffs' Motion to File Under Seal the Unredacted Version of Memorandum in Opposition (Doc. 113) are **GRANTED IN PART AND DENIED IN PART**, consistent with this Opinion and Order.  Plaintiff and Defendant are **ORDERED** to file revised filings and exhibits consistent with this Opinion and Order within seven (7) days.

IT IS SO ORDERED.

Date:  October 18, 2021                                /s/ Kimberly A. Jolson
                                                       KIMBERLY A. JOLSON
                                                       UNITED STATES MAGISTRATE JUDGE