IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN EWALT, et al.,

        Plaintiffs,

    v.

GATEHOUSE MEDIA OHIO
HOLDINGS II, INC., et al.,

        Defendant.

Civil Action 2:19-cv-4262
Chief Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to File Second Amended Complaint and to Join Parties (Doc. 151). For the following reasons, the Motion is **GRANTED**.

**I.    BACKGROUND**

Elsewhere, the Court has detailed the allegations in this case. (Doc. 105 at 2–4). In brief, Plaintiffs say that Defendant GateHouse Media Ohio Holdings II, Inc. ("GateHouse Ohio") engaged in deceptive trade practices when selling newspaper subscriptions to *The Columbus Dispatch*. The matter was removed to this Court on September 24, 2019 (Doc. 1), but discovery did not begin in earnest until March 5, 2020 (Doc. 30). The delay was due in part to Defendant's requests to stay discovery (Docs. 9, 10), and the parties' dispute over a protective order (Doc. 30).

Throughout discovery the Court has been heavily involved (*see, e.g.*, Docs. 21, 25, 30, 68, 127, 147), and has had to remind "the parties of their obligation to work together in good faith to conduct discovery in an expeditious and cost effective manner," (Doc. 68). Relevant to the current motion, Plaintiffs received substantial document production in May 2021, and deposed Lon Haenel, the former Director of Consumer Marketing for GateHouse Ohio, in November 2021. (Doc. 151 at 4, Doc 160 at 13). Based upon that discovery, Plaintiffs now seek to amend their complaint to:

- Join[] [GateHouse Media, LLC ("GateHouse Media") and Gannett Co., Inc. ("Gannett")] and include[] allegations demonstrating their liability;
- Assert[] a fraud claim against GateHouse Ohio[, GateHouse Media, and Gannett];
- Clarif[y] the Plaintiffs' claim for breach of the duty of good faith;
- Provide[] additional factual detail regarding Plaintiffs' claims for breach of contract, breach of the duty of good faith, and CPSA violations.

(Doc. 151 at 3).

Defendant GateHouse Ohio opposes amendment, arguing: (1) Plaintiffs have not provided a reason for their undue delay, suggesting bad faith; (2) amendment would prejudice GateHouse Ohio; and (3) Plaintiffs' proposed amendments would be futile. (Doc. 160 at 13–14). Additionally, Defendant GateHouse Ohio says that Plaintiffs have not offered a good reason to re-join the Parent Companies (GateHouse Media and Gannett) that were already dismissed without prejudice from the case. (Doc. 105).

**II.    STANDARD**

Trial courts enjoy broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). Federal Rule of Civil Procedure 15 encompasses a liberal policy in favor of granting amendments and "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Finan. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). In interpreting this Rule, "[i]t should be emphasized that the case law in this Circuit manifests liberality in allowing amendments to a complaint." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (citation and internal quotation marks omitted). The Court should "consider such factors as 'undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment.'"

*Aldridge v. Ohio Dep't of Rehab. & Correction*, No. 2:20-CV-6357, 2021 WL 5299845, at *1 (S.D. Ohio Nov. 15, 2021) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In the absence of these factors, leave sought should be freely given. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640–41 (6th Cir. 2018) (quoting *Foman*, 371 U.S. at 182).

**III.    DISCUSSION**

As noted, Plaintiffs seek leave to file a second amended complaint based upon documents received in May of 2021 and Mr. Haenel's deposition. (Doc. 151 at 3, Doc. 172 at 13). The Court concludes that no reason—undue delay, undue prejudice repeated failure to cure, or futility—outweighs allowing amendment. Still, the merits questions raised in relation to amendment, which the Court does not decide here, ought to be resolved expeditiously. Accordingly, the Court sets an expedited briefing schedule for a dispositive motion.

**A.    Undue Delay and Bad Faith**

The parties have routinely resorted to judicial intervention to resolve their discovery disputes. (*See, e.g.*, Docs. 21, 25, 30, 68, 127, 147). The parties' contentious relationship has prolonged discovery. Roughly 20 months after the case began, Plaintiffs received more than 80,000 pages of responsive documents. (Doc. 172 at 13). Plaintiffs say those documents took time to review. Also, for some time, Plaintiffs were wanting to depose Mr. Haenel. That deposition happened in November 2021. In Plaintiffs' view, the deposition confirms their theory of the case and shows that GateHouse Media and Gannett were involved. (Doc. 151 at 5).

Plaintiffs sought to amend shortly after Mr. Haenel's deposition, and the time taken to review the voluminous document production is not unreasonable. Thus, the Court does not find undue delay or bad faith in seeking to amend. *See, e.g.*, *TERA II, LLC v. Rice Drilling D, LLC*, No. 2:19-CV-02221-SDM, 2020 WL 4333295, at *2 (S.D. Ohio July 28, 2020), *aff'd*, No. 2:19-CV-2221, 2020 WL 5201083 (S.D. Ohio Sept. 1, 2020) (finding, under a Rule 16(b) analysis, that

3

the plaintiffs were diligent in moving to amend "shortly after receiving the requested discovery" and "once they believed they had the necessary information to support a proposed claim."); *Discover Bank v. New Vision Fin., LLC*, No. 2:03-CV-686, 2005 WL 1865369, at *3 (S.D. Ohio Aug. 1, 2005) (finding good cause under Rule 16(b) where the plaintiff obtained discovery that "apparently confirmed its suspicions sufficiently so that the company could assert claims against three parties it seeks to add" and noting that the thirty-five day delay between obtaining the discovery and the request to amend was "fairly inconsequential"). Instead, Plaintiffs were diligent in seeking amendment.

Defendant GateHouse Ohio's argument to the contrary is not persuasive. GateHouse Ohio argues that "[d]enying leave to amend is proper if Plaintiffs could have sought to amend earlier but failed to do so. . . . Under such circumstances, failing to seek leave to amend earlier 'suggests bad faith.'" (Doc. 160 at 15 (citations omitted)). Given the importance Plaintiffs place on the recent deposition of Mr. Haenel, the extensive document production in the matter, and Plaintiffs' need to draft a revised amended complaint, the Court does not find that Plaintiffs' motion is unduly delayed.

### B. Undue Prejudice

When analyzing undue prejudice, courts consider "whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Blue Fire Cap., LLC v. Pies & Pints Dev. Partners, LLC*, No. 2:20-CV-2982, 2020 WL 11886041, at *2 (S.D. Ohio Aug. 21, 2020) (citing *Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994)). Plaintiffs' proposed Second Amended Complaint adds a new fraud allegation regarding the parties' existing underlying dispute. Since discovery has not closed (Doc. 9 at 4 (setting the discovery deadline for 120 days

4

after a ruling on class certification)), and the new fraud allegation is based on the conduct giving rise to the prior complaint, Defendant GateHouse Ohio is unlikely to need extensive additional discovery. *See Blue Fire Cap., LLC*, 2020 WL 11886041, at *2. Further, the Court finds that the addition of new parties will also not substantially prejudice GateHouse Ohio. So, the Court does not find undue prejudice.

Again, Defendant GateHouse Ohio's argument to the contrary is unpersuasive. It asserts that because the deadline for fact depositions has closed, the case will be further delayed due to amendment, and they will need to defend against the new fraud claim. (Doc. 160 at 18–20). Since the discovery deadline has not passed, the deadline for fact depositions could be limitedly extended to allow additional discovery but limit delay. And the Court acknowledges that additional motion practice is a delay and might cause inconvenience, but not such that "rise[s] to the level of prejudice that would warrant denial of leave to amend." *See Blue Fire Cap., LLC*, 2020 WL 11886041, at *2 (quoting *Morse v. McWhorter*, 290 F.3d 795, 801 (6th Cir. 2002)).

### C. Failure to Cure Deficiencies

The Court does not find, nor does GateHouse Ohio argue, that Plaintiffs have failed to cure deficiencies with prior amendments.

### D. Futility

The parties hotly dispute the futility of the new fraud claim and whether GateHouse Media and Gannett should be added as defendants. But "[a]t this stage of the litigation, this Court is charged with determining whether the futility of an amendment is so obvious that it should be disallowed." *Bear v. Delaware Cnty., Ohio*, No. 2:14-CV-43, 2015 WL 1954451, at *3 (S.D. Ohio Apr. 28, 2015). The proposed amendments are not, on their face, futile, and they meet this low bar as a result. Any further scrutiny would require the Undersigned to directly address the merits of the complaint. *See Bear*, 2015 WL 1954451, at *3. It is "the better exercise of discretion to

5

permit the amendment" and allow Defendant to address the sufficiency of the pleadings in a dispositive motion before the District Judge. *Id.*; *see also Durthaler v. Accounts Receivable Mngmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Brown v. Worthington Steel, Inc.*, 211 F.R.D. 320, 323 (S.D. Ohio 2002) (noting that "[a] court will not ordinarily consider the merits of a proposed amended complaint in ruling on a motion for leave to amend unless it appears to be frivolous").

### E. Additional Parties

Finally, the Court notes that the previous dismissal of proposed Defendants GateHouse Media and Gannett (Doc. 105 at 11–18) was without prejudice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) ("Thus, under Rule 41(b), dismissals for lack of personal jurisdiction should be made 'without prejudice.'"); 5B Wright & Miller, Federal Practice & Procedure, § 1351 (3d ed.) ("Nor does the dismissal that follows the grant of a Rule 12(b)(2) motion prejudice the plaintiff's right to file another complaint in the expectation that the court in the second case will be able to obtain jurisdiction over the defendant."). Plaintiffs seek to amend, saying they have new evidence to support more detailed allegations as to personal jurisdiction over these proposed Defendants. (Doc. 151 at 7, Doc. 172 at 30–31). This, along with the above analysis, is enough for amendment. Further, decisions based upon personal jurisdiction are more appropriately made by the District Judge based on the allegations and facts in the Second Amended Complaint.

### F. Expedited Briefing Schedule

One final point. Defendant GateHouse Ohio and proposed Defendants raise merits issues that are to be decided by the District Judge. Due to the extensive briefing on these issues and the importance of resolving the matter efficiently, the Court expedites the briefing schedule for a

6

forthcoming dispositive motion.  Specifically, Defendants are directed to raise these merits issues in a dispositive motion.  Any such motion is due **ten (10) days** from the date of this order.  Plaintiffs will have **ten (10) days** to respond, and any reply is due within **seven (7) days** of the filing of the response.  **No extensions will be granted**.

Further, in keeping with the Court's previous denials of discovery stays in this case, (*see* Doc. 21 (denying in part), Doc. 127), discovery shall proceed while the motion is briefed and while it pends.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File Amended Complaint and to Join Parties (Doc. 151) is **GRANTED**.  The Clerk is **DIRECTED** to file under **TEMPORARY SEAL** Doc. 151-1 as the Second Amended Complaint.  The briefing on Defendants' forthcoming dispositive motion is **EXPEDITED**.  Defendants' dispositive motion is due **ten (10) days** from the date of this order.  Plaintiffs then will have **ten (10) days** to respond, and Defendants will have **seven (7) days** to reply.

IT IS SO ORDERED.

Date: March 8, 2022                                          /s/ Kimberly A. Jolson
                                                                              KIMBERLY A. JOLSON
                                                                              UNITED STATES MAGISTRATE JUDGE