IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN EWALT, et al.,

    Plaintiffs,

    v.

GATEHOUSE MEDIA OHIO
HOLDING II, INC., d/b/a THE
COLUMBUS DISPATCH, et al.,

    Defendants.

Case No. 2:19-cv-4262
Chief Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

## OPINION & ORDER

This matter is before the Court on three motions to seal (Docs. 156, 167, 177). Defendant GateHouse Media Ohio Holdings II, Inc.'s seeks to redact: (1) portions of Plaintiffs' Second Amended Complaint and certain exhibits (Doc. 156); (2) portions of certain exhibits to Defendant's Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 167); and (3) portions of Plaintiffs' Reply Brief in Support of Motion for Leave to File Second Amended Complaint (Doc. 177). The Motions are **GRANTED in part and DENIED in part**.

In addition, Defendant recently filed a Motion to Seal Doc. 175-1 (Doc. 184). The Motion (Doc. 184) is **DENIED without prejudice** to allow Defendant to consider the propriety of that Motion in light of this Opinion and Order. The temporary seal on Doc. 175-1 is **EXTENDED ten (10) days** from the date of this Opinion and Order to allow Defendant to assess whether a renewed motion is appropriate.

I.      STANDARD

Courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also id.* ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Id.* at 308 (citation and quotations omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury … And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305). The Court "has an obligation to keep its records open for

2

public inspection [and] that obligation is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-CV-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Grp.*, 825 F.3d at 307.). The court "that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

In sum, to overcome "the strong presumption in favor of openness," parties who move to seal documents must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash*, 767 F. App'x at 637.

## II. DISCUSSION

Defendant seeks to redact information from Plaintiffs' Second Amended Complaint and certain exhibits (Doc. 156); exhibits to their Opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint (Doc. 167); and Plaintiffs' Reply Brief in Support of Motion for Leave to File Second Amended Complaint (Doc. 177). The information falls into two general categories: private personal information and trade secrets/commercially sensitive business information. Defendant also claims that attorney-client privilege protects certain information from disclosure.

### A. Previously Sealed Information

Briefly, the Court notes that Defendant seeks to seal two exhibits to the Second Amended Complaint that the Court previously allowed to be sealed. (Doc. 156 at 12). The compelling reason for these limited and narrowly tailored redactions has not changed. Thus, the Court **GRANTS** the redaction of Exhibit HH (GAT02_00025762), paragraph 115 in the Second Amended Complaint which quotes Exhibit HH, and Exhibit MM (GAT02_00022429). Going

3

forward, a party need not file a motion to seal information that has already earned that designation. Instead, the filing party may file a notice to seal previously sealed information.

### B. Private Personal Information

Defendant also moves to redact exhibits containing "private personal identifying information of non-party subscribers in email communications and subscriber invoices . . . ." (Doc. 156 at 3). The identifying information includes names, email addresses, account numbers, home addresses, and phone numbers. The Sixth Circuit has made clear that "'the privacy interests of innocent third parties should weigh heavily in a court's balancing equation.'" *Shane Grp.*, 825 F.3d at 308 (6th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). The Court concludes that a compelling interest exists; the non-parties' right to privacy outweighs the public's interest in access to the information; and the proposed redactions are narrowly tailored to serve the interest of privacy because only private personal information is redacted. The Court **GRANTS** redaction of private personal information from the following[1]:

- Exhibit B (GAT02_00022831)
- Exhibit I (GAT02_00021955)
- Exhibit K (GAT02_00020678)
- Exhibit S (GAT02_00019340)
- Exhibit U (GAT02_00007517)
- Exhibit V (GAT02_00057184)
- Exhibit W (GAT02_00020123)
- Exhibit X (GAT02_00022203)
- Exhibit Z (GAT02_00021968)
- Exhibit EE (GAT02_00019473)
- Lon Haenel's Deposition, page 158–159

### C. Trade Secrets and Commercially Sensitive Business Information

Defendant next moves to redact documents which it claims contain "trade secrets and commercially sensitive business information . . . ." (Doc. 156 at 9; *see also* Doc. 167 at 4). Particularly, it says these documents reveal "confidential business strategy, market share data, financial forecasting and performance and other proprietary information[.]" (Doc. 156 at 10). Defendant requests to redact portions of Plaintiffs' Second Amended Complaint (*id.* at 12–14),

---

[1] For clarity, the first GAT02 Bates Number is listed in addition to the exhibit name.

4

twenty-four (24) exhibits to the Second Amended Complaint, (*id.* at 10–12), portions of three depositions which are exhibits to Defendant's Response brief (Doc. 167 at 4–7), and portions of Plaintiffs' Reply brief (Doc. 177). Plaintiffs object to many of these redactions. (*See* Docs. 159, 174). After review, the Court determines that a few of these proposed redactions meet the Sixth Circuit's demanding standard for sealing, but most do not.

*Trade Secret*: Up front, the Court notes that Defendant's trade secret assertion is meritless. Under Ohio law, a trade secret is information that (1) "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use" and (2) "is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." *Kondash*, 767 F. App'x at 638 (quoting Ohio Rev. Code § 1333.61(D)(1),(2)). According to the Ohio Supreme Court, six factors are considered in determining whether information is a trade secret:

> (1) The extent to which the information is known outside the business; (2) the extent to which it is known to those inside the business ...; (3) the precautions taken by the holder of the trade secret to guard the secrecy of the information; (4) the savings effected and the value to the holder in having the information as against competitors; (5) the amount of effort or money expended in obtaining and developing the information; and (6) the amount of time and expense it would take for others to acquire and duplicate the information.

*Id.* at 638–39 (citing *Heartland Home Fin., Inc. v. Allied Home Mortg. Capital Corp.*, 258 F. App'x 860, 861-62 (6th Cir. 2008)). No single factor is dispositive, but "'[a] business or possessor of a potential trade secret must take some active steps to maintain its secrecy in order to enjoy presumptive trade secret status.'" *Id.* at 639 (citing *Heartland Home Fin.*, 258 F. App'x at 862).

The party "asserting trade secret status has the burden to identify and demonstrate that the material is included in categories of protected information under the statute." *Fred Siegel Co., L.P.A. v. Arter & Hadden*, 707 N.E.2d 853, 862 (Ohio, 1999); *see also Heartland Home Fin.*, 258

5

F. App'x at 862 (citing *State ex rel. Rea v. Ohio Dep't. of Educ.*, 692 N.E.2d 596, 601 (1998)) ("the plaintiffs bear the burden to identify and demonstrate that the information at issue is protected information under Ohio law."). The party seeking to seal information bears the burden of showing a compelling reason exists. *Shane Grp.*, 825 F.3d at 305. Here, Defendant's conclusory statement that "all the aforementioned documents and materials satisfy the Sixth Circuit's test" for "what constitutes a trade secret" is insufficient to carry this burden. (Doc. 156 at 15). The same is true for the information provided in the Hunshikatti declaration (Doc. 156-1). Defendant has not identified what specific information it views as a trade secret, has not described how it derives independent economic value from the alleged trade secret, and has not described what reasonable efforts have been taken to maintain secrecy. *See Kondash*, 767 F. App'x at 638 (quoting Ohio Rev. Code § 1333.61(D)(1),(2)). Said differently, Defendant has offered no basis to conclude that it is attempting to protect a trade secret.

*No Compelling Interest*: Still, Defendant may establish that a compelling interest exists to protect confidential business information even if it is not a trade secret. *Kondash*, 767 F. App'x at 638 (noting that "even if a trade secret does not exist, a court may still find a compelling reason exists" to seal the information). Protecting business information that Defendant's competitors could use to its disadvantage is a compelling reason to seal or redact information from the public docket. *See, e.g., Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-CV-185, 2017 WL 3537195, at *3 (S.D. Ohio Aug. 17, 2017) (finding that market share data, sales trends and analysis, customer preferences, confidential agreements, pricing strategy, and marketing strategy should be redacted as public disclosure would allow competitors to have an inside look into the plaintiff's business strategies). But it is not easy to meet this standard; instead, the moving party must show that disclosure would "seriously harm its competitive standing." *United States ex rel. Scott*, 2021 WL

6

4449277, at *4 ("Humana has a compelling interest in concealing business information that can be used to seriously harm its competitive standing."); *see also Schnatter v. 247 Grp., LLC*, No. 3:20-CV-3-JRW-CHL, 2020 WL 3066622, at *2 (W.D. Ky. June 9, 2020) ("[T]he Court finds a compelling reason to seal only the parts of these documents that contain sensitive commercial information regarding pricing, strategy, and competitors which would cause significant competitive harm to Defendants in the marketplace if disclosed.").

Two examples are useful to illustrate the high standard that must be met in order to show a compelling interest—and how Defendant has not met the high burden. Exhibit L (GAT02_00031224) is a series of emails from April 2016, in which two employees discuss budgetary concerns and describe monthly performance. Defendant says that, if disclosed, this financial analysis could put them at a competitive disadvantage. (Doc. 156-1, ¶11). But the email is nearly six years old. The risk of competitive harm is assumed to be "lower in disclosing historical business records over more recent ones." *United States ex rel. Scott*, 2021 WL 4449277, at *4 (citing *Shane Grp.*, 825 F.3d at 308 (finding that "the particulars of years-ago negotiations are unlikely to amount to a trade secret")). Defendant's vague assertions of potential future relevance do not explain how competitors could use this dated analysis to undercut its standing in the marketplace. (*See, e.g.* Doc. 156-1, ¶11; Doc. 165 at 2–4). Moreover, it does not appear that the employees were sharing novel strategy ideas. To the contrary, it all seems fairly routine. So the risk of competitive harm from disclosure is low.

Similarly, Exhibit A (GAT02_00118629) is an email chain from August 2017 that makes a general statement about Defendant's size and discusses, in broad strokes, a recommendation regarding premium editions. In addition to being an older email, the information proposed to be redacted is a generalized discussion about vulnerabilities and a potential way to handle them.

Typically, "generalized information," even if "unflattering," does not contain enough factual content to warrant sealing. *See United States ex rel. Scott*, 2019 WL 5964564, at *6. Defendant's repeated recitation that the information is not widely shared and could put Defendant at a competitive disadvantage is not enough. (*See* Doc. 156-1, ¶8). Mere platitudes do not establish a compelling interest because Defendant must show that "disclosure will work a clearly defined and serious injury." *Shane Grp.*, 825 F.3d at 307–08 (internal citations and quotations omitted); *see also Kondash*, 767 F. App'x at 639 (internal quotation marks omitted) ("The fact that a document will reveal competitively-sensitive financial and negotiating information is not an adequate justification for sealing—rather, the proponents of closure bears the burden of showing that disclosure will work a clearly defined and serious injury."). At base, it is difficult to imagine what competitive advantage a competitor could derive from having access to this email. So again, the Court concludes that the likelihood this information is used to Defendant's detriment is low; there is no compelling interest to seal.

Exhibits A and L are representative of several proposed redactions that do not satisfy the heavy burden for sealing because there is no compelling interest. To establish a compelling interest, the movant must show that "disclosure will work a clearly defined and serious injury … And in delineating the injury to be prevented, specificity is essential." *Shane Grp.*, 825 F.3d. at 307–08 (internal citations and quotations omitted). Defendant has failed to carry this burden for several proposed redactions. Having considered each redaction carefully, the Court **DENIES** redaction of the following for failure to show a compelling interest:

- Exhibit A (GAT02_00118629)
- Exhibit L (GAT02_00031224)
- Exhibit M (GAT02_00031208)
- Exhibit O (GAT_00024451)
- Exhibit RR (GAT02_00073336)
- Second Amended Complaint, ¶ 59
- Second Amended Complaint, ¶ 60
- Second Amended Complaint, ¶ 65
- Second Amended Complaint, ¶ 83
- Lon Haenel's Deposition Exhibit (GAT02_00025922)

- Redaction of Plaintiff's Reply brief at page 6

*The Public's Interest*: Even if a compelling interest exists, the public's interest in access to court records may outweigh it still. *See Shane Grp.*, 825 F.3d at 307. Again, Defendant falls short. Two more examples are helpful. In Exhibit P (GAT02_00017727), Debra Jubera, one of Defendant's employees, discusses adjusting the invoice wording regarding premium editions. And in Exhibit C (GAT02_00036163), Denise Robbins, another employee, discusses premium edition challenges. Defendant does not meaningfully explain how competitors could use this information to put them at a competitive disadvantage. (*See* Doc. 156-1, ¶¶ 9, 15). And it is not apparent to the Court. So there is likely no compelling interest. But even assuming there is a compelling reason to redact, it does not outweigh the public's interest in accessing the information. The terms, pricing, profit, and challenges surrounding the premium editions are central to the case. Meaning, any member of the public trying to understand this case has a legitimate interest in accessing the information. *See Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1180) ("The public has a strong interest in obtaining the information contained in the court record."). This is even more important in class actions because some members of the public are also parties to the case. So, in class actions, "the standards for denying public access to the record should be applied with particular strictness." *Id.* (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). In sum, Defendant has not overcome the "'strong presumption in favor of openness' as to court records." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179).

Exhibit P and C are illustrative of many of Defendant's proposed redactions that do not meet the high bar for sealing because the public has a strong interest in accessing them. Having

9

considered each redaction carefully, the Court **DENIES** redaction of business information from the following because of the public's interest in accessing the information:

- Exhibit C (GAT02_00036163)
- Exhibit N (GAT02_00079115)
- Exhibit P (GAT02_00017727)
- Exhibit Q (GAT02_00151278)
- Exhibit T (GAT02_00136862)
- Exhibit V (GAT02_00057184)
- Exhibit FF (GAT02_00022956)
- Exhibit GG (GAT02_00035238)
- Exhibit NN
- Exhibit OO (GAT02_00070299)
- Exhibit PP (GAT02_00023321)
- Exhibit QQ (GAT02_00136192)
- Exhibit SS (GAT02_00078991)
- Second Amended Complaint, ¶ 42
- Second Amended Complaint, ¶ 48
- Second Amended Complaint, ¶ 64
- Second Amended Complaint, ¶ 67
- Second Amended Complaint, ¶ 85
- Second Amended Complaint, ¶ 86
- Second Amended Complaint, ¶ 110
- Second Amended Complaint, ¶ 113
- Redaction of Plaintiff's Reply brief at pages 28–29

*Appropriate Redactions*:  While the Court concludes that many of Defendant's proposed redactions do not clear the high bar for sealing, some do.  For example, Exhibit D (GAT02_00056925) is an internal document by the then-editor of The Columbus Dispatch which details strategies regarding newspaper content.  (Doc. 156-1, ¶10).  There is a compelling interest in protecting this information because disclosure might give competitors insight into Defendant's long-term strategies regarding content and customer preferences.  *See Proctor & Gamble Co.*, 2017 WL 3537195, at *3.

Still, Defendant's compelling interest must be weighed against the public's interest in accessing this information.  Because premium editions are central to this case, the public has a stake in knowing information regarding premium editions.  Defendant agrees and no longer requests to redact the portion of the document about premium editions (line 18).  (Doc. 165 at 6).  The public has a lesser interest in knowing the remainder of Defendant's strategies regarding future content and will not need to view it in order to understand the dispute.  (*See, e.g.*, Doc. 120 at 6).  Further, the redaction is narrowly tailored because it hides from view only the confidential

information the public has no interest in knowing. Thus, the Court **GRANTS** the redaction of Exhibit D (GAT02_00056925) except for line 18.

Similarly, Defendant seeks to redact Exhibit BB (GAT02_00033253). Defendant says there is a compelling reason to seal this information because it is the script of an internal company speech that discusses, among other things, areas of future opportunity and strategies to reach future goals. (Doc. 156-1, ¶19). There is a compelling reason to seal this information, and the public interest in knowing Defendant's future strategies is minimal because it is irrelevant to this dispute. Importantly, Defendant does not seek to seal information regarding premium editions, and Defendant's proposed redactions are narrowly tailored. Accordingly, the Court **GRANTS** the redaction of Exhibit BB (GAT02_00033253). And, for the same reasons, the Court **GRANTS** Defendant's proposed redaction of lines 6–12 of Denise Robbins's deposition (Doc. 160-5 at 10) (discussing the focus of Gannett Co., Inc.'s board meetings).

      C.    *In Camera* Review

Finally, the Court does not have enough information to determine whether certain proposed redactions are appropriate.

Defendant seeks to redact allegedly privileged information from Brad Harmon's deposition (Doc. 160-6) because it relates to an attorney's involvement in drafting a particular document. (Docs. 167 at 6–7, 182 at 4–5). Though attorney-client privilege information is a compelling reason to seal, *Shane Group*, 825 F.3d at 308, "[t]he mere fact of an attorney's involvement is not a matter of privilege . . . [,]" *State ex rel. Ohio Academy of Nursing Homes, Inc. v. Ohio Department of Medicaid*, 2017-Ohio-8000, 2017 WL 4329762, ¶ 23 (Ohio Ct. App. 10th Dist. Sept 29, 2017). Further, Defendant states that "privilege was asserted on the record immediately[,]" but the objection on the record is based on foundation and form, not privilege. (Docs. 167 at 7, 160-6 at

11

7). In order to assess whether this information may be redacted, the Court needs to review the unredacted version which Defendant has not provided based upon an assertion of privilege.

Defendant also seeks to redact information from Exhibit LL (GAT02_00022439) and Exhibit JJ (GAT02_00009496), but the versions provided for *in camera* review are partially redacted. To review whether redaction of these documents is proper, the Court needs the unredacted versions.

Accordingly, Defendant is **ORDERED** to submit unredacted versions of these documents within **seven (7) days** of the date of this Order via the Chamber's email address (Jolson_Chambers@ohsd.uscourts.gov).

### D. Attorney Fees

One final matter. Plaintiffs request attorney's fees. (Doc. 159 at 13). They note that they've had to brief several meritless motions to seal and say that "[u]ntil [Defendant] faces some type of penalty for over-designating and over-redacting, these practices will continue." (*Id.*). The Court sees Plaintiffs' point. Several of Defendant's proposed redactions are baseless (*e.g.*, Exhibits A, RR, P, T, FF), and this is not the first time Defendant has lost a motion to seal (Docs. 102, 128). The Court also notes that it appears that Defendant, at times, is using the sealing process in an attempt to keep unflattering information from public view. That practice needs to stop. The Court warns Defendant that future unsupported or unreasonable requests to seal will result in fee shifting. Plaintiff's current request for fees, however, is **DENIED**.

### III. CONCLUSION

For the above reasons, Defendant's Motions (Docs. 156, 167, 177) are **GRANTED in part and DENIED in part**. Defendant is **ORDERED** to file revised filings and exhibits consistent with this Opinion and Order within **seven (7) days** of the date of this Opinion and Order. Defendant is **ORDERED** to submit unredacted versions of Brad Harmon's deposition, Exhibit

12

LL, and Exhibit JJ within **seven (7) days** of the date of this Opinion and Order to the Chamber's email address.  Defendant's Motion (Doc. 184) is **DENIED without prejudice**; the temporary seal on Doc. 175-1 shall be **EXTENDED ten (10) days** from the date of this Opinion and Order. Finally, Plaintiff's request for fees is **DENIED**.

    IT IS SO ORDERED.

Date:  April 11, 2022　　　　　　　　　　　　　　/s/ Kimberly A. Jolson
                                                                     KIMBERLY A. JOLSON
                                                                     UNITED STATES MAGISTRATE JUDGE