IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN EWALT, et al.,

    Plaintiffs,

    v.

GATEHOUSE MEDIA OHIO
HOLDINGS II, INC., d/b/a THE
COLUMBUS DISPATCH, et al.,

    Defendants.

Case No. 2:19-cv-4262
Chief Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

## SUPPLEMENTAL OPINION AND ORDER

On April 11, 2022, the Court ruled on several Motions to Seal. (Doc. 198). As part of the Order, Defendants were instructed to submit unredacted versions of Exhibit LL, Exhibit JJ, and Brad Harmon's deposition for *in camera* review. (*Id.* at 11–12); (Doc. 200 (Defendants' supplemental filing)). In addition, the Court denied Defendants' Motion to Seal Doc. 175-1 (Doc. 184) without prejudice to allow Defendants to consider the motion in light of the Court's ruling. (Doc. 198 at 1). Defendants pulled back several of their requests but still seek to seal portions of Lon Haenel's deposition. (Doc. 206). That motion is fully briefed. (Docs. 208, 212).

For the reasons that follow, the Court **DENIES** Defendants' motion to seal Exhibit LL, Exhibit JJ, Brad Harmon's deposition, and Lon Haenel's deposition.

**I.**    **STANDARD**

Elsewhere, the Court has explained the standard to succeed on a motion to seal. (*See e.g.*, Doc. 198 at 2–3). In short, to overcome "the strong presumption in favor of openness," parties who move to seal documents must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that

the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019).

## II. DISCUSSION

Defendants seek to redact information from Exhibit LL (Doc. 156), Exhibit JJ, (*id.*), Brad Harmon's deposition (Doc. 167), and Lon Haenel's deposition (Doc. 206). The requests are **DENIED**.

### A. Exhibit LL

Exhibit LL (GAT02_00022439) is an email exchange that discusses financial performance and includes attachments regarding premium editions. (Doc. 156-1, ¶ 23). The basis for sealing this information is that it contains "trade secrets and commercially sensitive business information . . . ." (Doc. 156 at 9). The Court requested Defendants produce the unredacted version of this document. (Doc. 198 at 12). Defendants represent that the information redacted from Exhibit LL relates to other newspapers, so the parties agreed that this information could be redacted and thus the version produced for *in camera* review is the version produced during discovery. (Doc. 200 at 1). Accordingly, the Court has the appropriate document to review.

Exhibit LL contains financial information regarding the premium editions. The terms, pricing, profit, and challenges surrounding the premium editions are central to the case. Thus, members of the public trying to understand this case have a legitimate interest in accessing this information. So, as explained before (Doc. 198 at 9–10), the Court **DENIES** redaction of business information from Exhibit LL (GAT02_00022439) because of the public's interest in accessing the information.

### B. Exhibit JJ

Exhibit JJ (GAT02_00009496) is a compilation of several email chains. The basis for sealing this information is that it contains "trade secrets and commercially sensitive business

information . . . ." (Doc. 156 at 9). The previous version provided to the Court for *in camera* review was redacted, so the Court could not review all the proposed redactions. Now, Defendants represent that they are not requesting to seal the information in the Gall and Curry email chains. (Doc. 200 at 2). Thus, the Court has the appropriate document to review.

The proposed redactions do not satisfy the heavy burden for sealing because there is no compelling interest. As explained before, the movant must show a clearly defined injury. (Doc. 198 at 6–9). Here, the proposed redactions contain generalized information. Thus, the likelihood this information is used to Defendants' detriment is low. (*Id.*). Defendants have failed to show a clearly defined injury, so the Court **DENIES** redaction of Exhibit JJ (GAT02_00009496) for failure to show a compelling interest.

    **C.**    **Brad Harmon's Deposition**

Defendants seek to redact allegedly privileged information from Brad Harmon's deposition (Doc. 160-6) because it relates to an attorney's involvement in drafting a particular document. (Docs. 167 at 6–7, 182 at 4–5, 200 at 2). In the previous order, the Court said that "[t]hough attorney-client privilege information is a compelling reason to seal, *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 308 (6th Cir. 2016), '[t]he mere fact of an attorney's involvement is not a matter of privilege . . . [,]' *State ex rel. Ohio Academy of Nursing Homes, Inc. v. Ohio Department of Medicaid*, 2017-Ohio-8000, 2017 WL 4329762, ¶ 23 (Ohio Ct. App. 10th Dist. Sept 29, 2017)." (Doc. 198 at 11 (full citation added)). The Court also noted that the objection on the record was incorrect. (*Id.*). Thus, the Court ordered Defendants to provide the unredacted version of the document. (*Id.* at 12).

Defendants have not provided the unredacted version of Brad Harmon's deposition. Nor have they addressed the underlying issue with their privilege assertion—namely, that the fact of an attorney's involvement in drafting a document is not privileged. Instead, Defendants rely upon

3

their objection in the Harmon Deposition at page 27, lines 13–17. (Doc. 200 at 2–3, Doc. 167-2). The Court reviewed the objection and determines that it is deficient because it appears to refer to a later, different answer by Mr. Harmon (Doc. 167-2 at 27:5–6), and the objection was not properly asserted. (*Id.* at 27:13–21). More still, Defendants have offered no legal support for their assertion that the fact that an attorney was involved in drafting a document is privileged. (*See* Doc. 198 at 11). To the contrary, when a party asserts privilege, it must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. 26(5)(A)(ii).

Thus, there is no compelling reason to seal. Accordingly, the proposed redaction of Brad Harmon's deposition at page 26 (Doc. 160-6) is **DENIED**.

### D. Lon Haenel's Deposition

In the previous Order, the Court denied without prejudice the Motion to Seal Lon Haenel's deposition (Doc. 184) to allow Defendants to assess whether a renewed motion was appropriate in light of the Order. (Doc. 198 at 1). Defendants have reconsidered and now seek to redact only two portions of Lon Haenel's deposition in their renewed Motion (Doc. 206).

First, Defendants seek to redact information regarding subscriber demographics. (Docs. 206 at 2, 175-1 at 37:14–38:13). The Court denied the redaction of this information in the previous order for failure to show a compelling interest. (*See* Doc. 198 at 8 (denying redaction of Second Amended Complaint, ¶ 59)). For the same reason, the redaction of Lon Haenel's (Doc. 175-1) deposition at page 37 to page 38 is **DENIED**.

Second, Defendants seek to redact information that is allegedly protected by attorney-client privilege. Defendants rely upon the privilege that was asserted on the record during the deposition (Doc. 206 at 2 (citing Doc. 175-1 at 103:15–18)). The assertion on the record

4

"[i]nstruct[ed] the witness not the answer to the extent it requires the disclosure of legal advice or conversations with counsel." (Doc. 175-1 at 103:16–18). The witness's answer discloses neither advice nor conversation with counsel. Instead, the witness testified that there was no advice or communication. Defendants have offered no legal authority to support their assertion of privilege here, and otherwise have provided no basis for this Court to conclude that silence in this context was a communication. Under these circumstances, the deponent's testimony that he received no response from legal is not a privileged communication. And Defendants' proposed redaction of Lon Haenel's deposition (Doc. 175-1) at page 103 is **DENIED**.

### III. CONCLUSION

For the above reasons, the Court **DENIES** the proposed redactions of Exhibit LL, Exhibit JJ, Brad Harmon's deposition, and Lon Haenel's deposition. Defendants are **ORDERED** to file revised exhibits consistent with this Opinion and Order within **seven (7) days** of the date of this Opinion and Order.

IT IS SO ORDERED.

Date: May 19, 2022 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE