IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN EWALT, on behalf of himself
and all others similarly situated, et al.,**

                                                            Case No. 2:19-cv-4262
                      **Plaintiffs,**      Judge Michael H. Watson
                                                            Magistrate Judge Kimberly A. Jolson

     **v.**

**GATEHOUSE MEDIA OHIO
HOLDING II, INC., d/b/a THE
COLUMBUS DISPATCH,**

                      **Defendant.**

## ORDER

Before the Court is Defendant's Motion to Maintain Redactions. (Doc. 288). Defendant seeks to permanently seal redacted material in a declaration with exhibits from Nikhil Hunshikatti. (*Id.*). The declaration was filed in support of both Defendant's response to Plaintiff Wylie's motion to remand and Defendant's motion for relief from judgment. (Docs. 285, 286). The Court has reviewed the unredacted declaration with attached exhibits *in camera*.

The redactions cover two types of information. The first type is confidential customer service scripts about calls to subscribers of *The Columbus Dispatch* who had a credit card payment declined. (Doc. 288). The Court previously allowed this type of customer service script to be sealed. (*See, e.g.*, Doc. 128 at 5; Doc. 233 at 6–7; *see also* Doc. 110 at 13). Additionally, Defendant's request is narrowly tailored, as parts of the script relevant to this lawsuit remain unredacted. (Doc. 288 at 2 (noting Defendant has not redacted "the portion of the scripts reflecting the premium-edition disclosure")). The second type of redacted information is personal information of third parties. (Doc. 288 (noting the redacted third-party information includes

names, email addresses, home addressees, phone numbers, and account numbers)). Again, the Court previously allowed this type of information to be sealed, noting the strong privacy interests of non-parties. (*See, e.g.*, Doc. 128 at 3–4; Doc. 233 at 3; Doc. 265); *see also Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 308 (6th Cir. 2016).

As the Court has explained, such redactions are narrowly tailored and adequately balance the compelling interest in sealing with the public's interest in access. *See Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp., Inc.*, 825 F.3d at 305). Accordingly, for the reasoning set forth in the Court's prior orders, the Court **GRANTS** Defendant's Motion to Maintain Redactions. (Doc. 288). Defendant is **ORDERED** to file an unredacted version of the declaration with exhibits under seal within the next seven (7) days.

IT IS SO ORDERED.

Date: April 7, 2025        /s/Kimberly A. Jolson
                           KIMBERLY A. JOLSON
                           UNITED STATES MAGISTRATE JUDGE